UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD DESILVIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LION BIOTECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 17-cv-02086-SI<br><br>**ORDER MODIFYING AND APPROVING DISTRIBUTION PLAN**<br><br>Re: Dkt. No. 142 |

WHEREAS, by its Judgment Approving Class Action Settlement dated April 17, 2019 (ECF No. 139) and its Order Approving Plan of Allocation dated April 17, 2019 (ECF No. 137), this Court approved the terms of the settlement set forth in the Stipulation of Settlement and Release (ECF No. 121) ("Settlement" or "Stipulation") and the proposed plan for allocating the net settlement proceeds to eligible Settlement Class Members ("Plan of Allocation");

WHEREAS, this Court had directed the parties to consummate the terms of the Settlement and Plan of Allocation;

WHEREAS, the Settlement provided for consideration of $3,250,000 in cash ("Settlement Amount") and, pursuant to the terms of the Stipulation, the Settlement Amount was deposited into an escrow account established by Lead Counsel for the benefit of the Settlement Class;

WHEREAS, as set forth in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing (ECF No. 132-3) ("Notice"), the deadline for Settlement Class Members to submit Claims to the Court-approved claims administrator for the Settlement, JND Legal Administration ("JND"), in order to be potentially eligible to participate in the distribution of the Net Settlement Fund has passed;

WHEREAS, in satisfaction of due process requirements, all Settlement Class Members who submitted Claims that were in any way ineligible or deficient were: (i) informed that their Claims were ineligible or deficient; and (ii) given opportunities to correct any curable deficiencies prior to their Claims being finally rejected, or to contest the determination as to such deficiencies, by requesting judicial review;

WHEREAS, the process of reviewing Claims has been completed;

WHEREAS, Lead Plaintiff, through Lead Counsel, now seeks authorization to distribute the proceeds of the Settlement Fund to Authorized Claimants, after deduction of any taxes, fees, and expenses previously approved by the Court or approved by this Order ("Net Settlement Fund"); and

WHEREAS, this Court retained continuing and exclusive jurisdiction of this Action in connection with, among other things: (i) the disposition of the Settlement Fund; and (ii) any motion to approve the Class Distribution Order.

WHEREAS, the Court finds it appropriate to eliminate from the Initial Distribution any Authorized Claimant whose *pro rata* share calculates to less than $5.00 and distribute funds to authorized Claimants whose *pro rata* share of the Net Settlement Fund would be $5.00 or more.

NOW, THEREFORE, upon careful consideration of: (i) the Declaration of Luiggy Segura in Support of Lead Plaintiff's Motion for Approval of Distribution Plan submitted on behalf of JND ("Segura Declaration"); (ii) the Memorandum of Points and Authorities in Support of Lead Plaintiff's Motion for Approval of Distribution Plan; and (iii) the other submissions and papers on file with the Court; and upon all prior proceedings heretofore and herein, and after due deliberation, it is hereby

ORDERED, that all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and the Segura Declaration; and it is further

ORDERED, that the administrative determinations of JND accepting the Claims described in the Segura Declaration and listed on Exhibits B and C thereto, calculated pursuant to the Court approved Plan of Allocation set forth in the Notice, are hereby approved, and said Claims are hereby accepted; and it is further

ORDERED, that JND be paid the sum of $89,854.54 from the Net Settlement Fund as

payment for its outstanding fees and expenses incurred in connection with the administration of the Settlement and the fees and expenses expected to be incurred by JND in connection with the Initial Distribution of the Net Settlement Fund; and it is further

ORDERED, JND shall conduct the Initial Distribution of the Net Settlement Fund as set forth in ¶ 47 of the Segura Declaration except for sections (a)(ii)-(iii) of ¶ 47; and it is further

ORDERED, JND will eliminate from the Initial Distribution any Authorized Claimant whose *pro rata* share calculates to less than $ 5.00. These Claimants will not receive any payment from the Net Settlement Fund, and JND will send notifications to these Claimants advising them of that fact; and it is further

ORDERED, after eliminating Claimants who would receive less than $5.00, JND will recalculate the *pro rata* share of the Net Settlement Fund for Authorized Claimants who would receive $5.00 or more pursuant to the calculation. This *pro rata* share is the Authorized Claimant's "Distribution Amount"; and it is further

ORDERED, that all checks to Authorized Claimants issued in the Initial Distribution shall bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY 90 DAYS AFTER ISSUE DATE." Lead Counsel and JND are authorized to take appropriate actions to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time; and it is further

ORDERED, that Authorized Claimants who do not cash their checks within the time allotted will irrevocably forfeit all recovery from the Net Settlement Fund; and it is further

ORDERED, that, after making reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, JND will, if cost-effective to do so, redistribute any funds remaining in the Net Settlement Fund by reason of uncashed checks or otherwise nine (9) months after the Initial Distribution to Authorized Claimants who have cashed their Initial Distribution checks and who would receive at least $5.00 from such redistribution, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution; and it is further ORDERED, that JND may make additional redistributions of balances remaining in the Net Settlement Fund to Authorized Claimants who have cashed their prior checks and who would

1 receive at least $5.00 on such additional redistributions if Lead Counsel, in consultation with JND,
2 determines that additional redistributions, after payment of any unpaid fees and expenses incurred
3 in administering the Settlement, including for such redistributions, would be cost-effective; and it is
4 further

5 ORDERED, that, at such time as Lead Counsel, in consultation with JND, determines that
6 further redistribution of the funds remaining in the Net Settlement Fund is not cost-effective, any
7 otherwise valid Claims received after January 25, 2021 or Claims adjusted after January 25, 2021
8 may be paid in accordance with ¶ 47(f) of the Segura Declaration; and it is further

9 ORDERED, that any balance that remains in the Net Settlement Fund after further
10 distributions or payment of any otherwise valid Claims received after January 25, 2021, or Claims
11 adjusted after January 25, 2021, in accordance with ¶ 47(f) of the Segura Declaration, which is not
12 cost-effective to reallocate, will be contributed, after payment of any unpaid fees and expenses
13 incurred in administering the Settlement, to the National Consumer Law Center, a non-sectarian,
14 not-for-profit charitable organization; and it is further

15 ORDERED, that the Court finds that the administration of the Settlement and the proposed
16 distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of
17 Allocation and that all persons and entities involved in the review, verification, calculation,
18 tabulation, or any other aspect of the processing of the Claims submitted in connection with the
19 Settlement of this Action, or who are otherwise involved in the administration or taxation of the
20 Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims
21 arising out of such involvement, and, pursuant to the release terms of the Settlement, all Settlement
22 Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred
23 from making any further claims against the Net Settlement Fund or the parties released pursuant to
24 the Settlement beyond the amount allocated to them pursuant to this Order; and it is further

25 ORDERED, that JND is hereby authorized to destroy paper copies of Claims and all
26 supporting documentation one (1) year after the Second Distribution of the Net Settlement Fund, if
27 that occurs, or, if there is no Second Distribution, two (2) years after the Initial Distribution and all
28 electronic copies of the same one (1) year after all funds have been distributed; and it is further

1     ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action; and it is further

    ORDERED, that no Claim received or adjusted after January 25, 2021 be included in the Initial Distribution of the Net Settlement Fund; and it is further ORDERED, that in accordance with this District's Procedural Guidance for Class Action Settlements, Lead Counsel shall file a Post-Distribution Accounting within twenty-one (21) days following the date of the Initial Distribution of the Net Settlement Fund and post the Post-Distribution Accounting on the website for the Settlement.

**IT IS SO ORDERED**.

Dated: June 30, 2021

SUSAN ILLSTON
United States District Judge